# UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

**WORLDWIDE AIRCRAFT SERVICES, INC., d/b/a JET ICU,**

*Plaintiffs and Petitioners,*

**vs.**

**WORLDWIDE INSURANCE SERVICES, LLC, d/b/a GEOBLUE,**

*Defendants.*
_____/

Case No.: 8:24-cv-00840-TPB-CPT

Judge: Hon. T. Barber

## WORLDWIDE AIRCRAFT SERVICES, INC., D/B/A JET ICU'S NOTICE OF LODGING OF PLAINTIFF'S STATE COURT PETITION AND COMPLAINT AFTER REMOVAL

Plaintiff Worldwide Aircraft Services, Inc., d/b/a Jet ICU ("Jet ICU"), hereby submits this Notice of Lodging of Plaintiff's State Court Petition and Complaint after Removal on this 6th day of May, 2024.

/s/ Michael Brannigan
MICHAEL BRANNIGAN, ESQUIRE
**The Law Offices of Michael Brannigan P.A.**
Florida Bar No. 0075256
1511 N. Westshore Blvd Ste 650,
Tampa, FL 33607
Email: Brannigan35@yahoo.com
Phone: (352) 796-2540
Fax: (352) 796-2549
*Attorney for Petitioner and Plaintiff*
*Worldwide Aircraft Services, Inc., d/b/a Jet ICU*

MICHAEL BRANNIGAN
Florida Bar #0075256
1511 N. Westshore Blvd., Ste 650
Tampa, FL 33607
(352)796-2540
MichaelBrannigan@jeticu.com

Attorneys for Petitioner/Plaintiff Worldwide Aircraft Services, Inc., d/b/a Jet ICU

IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

WORLDWIDE AIRCRAFT SERVICES INC., d/b/a JET ICU, a Florida Corporation,
    Petitioner,

vs.

WORLDWIDE INSURANCE SERVICES, LLC, d/b/a GEOBLUE,
    Respondent.

Case No.: _____

**WORLDWIDE AIRCRAFT SERVICES, INC., D/B/A JET ICU'S
PETITION TO CONFIRM ARBITRATION AWARD**

Petitioner Worldwide Aircraft Services, Inc., d/b/a Jet ICU ("Jet ICU"), pursuant to Sections 682.015, 682.12, and 682.15, Florida Statutes (2022), and 9 U.S.C. § 9, petitions this Court for an Order confirming the arbitration award rendered by Arbitrator National Medical Reviews, Inc. pursuant to the federal No Surprises Act Independent Dispute Resolution ("IDR") arbitration

process[1] on November 20, 2023, a true and correct copy of which is attached and incorporated hereto by this reference as **Exhibit A**, against Respondent Worldwide Insurance Services, LLC, d/b/a GeoBlue ("Plan"), and entry of a final judgment thereon. In support thereof, Jet ICU states as follows:

On July 31, 2023, Jet ICU filed a request for IDR arbitration pursuant to the federal No Surprises Act, with the Centers for Medicare and Medicaid Services (CMS), the administrator for the No Surprises Act IDR binding arbitration process. See, 42 USC §300gg-111(c)(2)(A).

1. Pursuant to the CMS rules, National Medical Reviews, Inc. was appointed arbitrator. ("Arbitrator").

2. Arbitrator heard and adjudicated the matter on November 20, 2023, issuing the opinion attached here to as **Exhibit A**. The Award was in favor of Jet ICU, against GeoBlue, in the amount of $220,204.00.

3. Section 682.12, Florida Statutes, provides that:

    After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court *shall* issue a confirming order unless the award is modified or corrected pursuant to § 682.10 or 682.14 or is vacated pursuant to § 682.13. *Emphasis added.*

4. As of the filing of this Petition, no party has moved to vacate, correct or modify the Award pursuant to Chapter 682, Florida Statutes, or other applicable law.

---

[1] See, 42 USC §300gg-111(c)(2)(A).

Page 2

*Petition to Compel Arbitration Award*

5. Pursuant to Section 682.181, Florida Statutes, 9 U.S.C. § 9, this Court has jurisdiction to confirm the Award.

6. Plan is a business operating in multiple jurisdictions including Hillsborough County and is therefore subject to this Court's jurisdiction. Plan is registered with the Florida Secretary of State as Worldwide Insurance Services, LLC, d/b/a GeoBlue, with the Florida EIN # 54-1867679. Jet ICU's principal place of business is in Hillsborough County, State of Florida. Venue is, accordingly, proper in this judicial circuit.

7. As a result of the foregoing, Jet ICU is entitled to an Order confirming the Award and a final judgment in conformity therewith. *See* Fla. Stat. §§ 682.12, 682.15(1); *Nestor v. Ward*, 163 So. 3d 583, 585 (Fla. 3d DCA 2015) ("In the absence of a motion to vacate, modify, or correct the arbitration award, the trial court must confirm the award."). A Proposed Order confirming the Award and a Proposed Final Judgment are attached hereto as **Exhibit B and Exhibit C**, respectively.

*Petition to Compel Arbitration Award*

**WHEREFORE**, Jet ICU respectfully requests this Court enter an Order confirming the Award and entry of a final judgment in favor of Jet ICU and against Worldwide Insurance Services, LLC, d/b/a GeoBlue pursuant to the Award, including accrued daily interest at a rate of 0.00021% from the payment due date pursuant to the arbitration award as well as the costs and fees in the amount of $424.35 including attorney's fees as well as any such other relief the Court deems just, necessary and proper.

/s/ Michael Brannigan
Michael Brannigan, Esq.,
Florida Bar #0075256
Attorney for Petitioner and Plaintiff
Worldwide Aircraft Services, Inc., d/b/a Jet ICU

*Petition to Compel Arbitration Award*

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**IDR reference number:** DISP-553021

National Medical Reviews, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-553021** and has determined that Worldwide Aircraft Services dba Jet ICU is the prevailing party in this dispute.

Because only one party, Worldwide Aircraft Services dba Jet ICU , submitted an offer and paid the corresponding fees, National Medical Reviews, Inc. has determined that the out-of-network payment amount of $220,204.00 offered by Worldwide Aircraft Services dba Jet ICU is the appropriate out-of-network rate for the service A0435 on claim number 13452084 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees. National Medical Reviews, Inc. did not receive an offer and/or fees from GeoBlue . As a result, the certified IDR entity has found in favor of Worldwide Aircraft Services dba Jet ICU , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. National Medical Reviews, Inc. has determined that GeoBlue is the non-prevailing party in DISP-553021 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Worldwide Aircraft Services dba Jet ICU by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii)

and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-553021 was Worldwide Aircraft Services dba Jet ICU. The initiating party's NPI is 1407098346 and TIN is 710946016. The non-initiating party was GeoBlue. The 90-calendar day cooling off period begins on November 20, 2023 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the [No Surprises website](#) for additional IDR resources.

**Contact information**
For questions, contact National Medical Reviews, Inc.. Include your IDR Reference number referenced above.

Thank you,

National Medical Reviews, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

MICHAEL BRANNIGAN
Florida Bar #0075256
1511 N. Westshore Blvd., Ste 650
Tampa, FL 33607
(352)796-2540
MichaelBrannigan@jeticu.com

Attorneys for Petitioner/Plaintiff Worldwide Aircraft Services, Inc., d/b/a Jet ICU

# IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

WORLDWIDE AIRCRAFT SERVICES INC., d/b/a JET ICU, a Florida Corporation,

   Petitioner,

vs.

WORLDWIDE INSURANCE SERVICES, LLC, d/b/a GEOBLUE,

   Respondent.

Case No.: _____

**PROPOSED ORDER GRANTING WORLDWIDE AIRCRAFT SERVICES, INC., D/B/A JET ICU'S PETITION TO CONFIRM ARBITRATION AWARD**

**THIS CAUSE** having properly come before the Court in open session, with the Court having reviewed the pleadings and being otherwise fully advised, the Court finds as follows:

*Petition to Compel Arbitration Award*        EXHIBIT B

1. On July 31, 2023, Jet ICU filed a request for IDR arbitration pursuant to the federal No Surprises Act,
2. The arbitrator heard and adjudicated the matter on November 20, 2023, issuing the opinion attached here to as **Exhibit A**. The Award was in favor of Jet ICU, against GeoBlue, in the amount of $220,204.00.
3. Pursuant to Section 682.12, Florida Statutes, Jet ICU may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order.

WHEREFORE it is hereby Ordered and Affirmed that Petitioner's Petition to Confirm Arbitration Award is: Granted

*Petition to Compel Arbitration Award*

# IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
# IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

WORLDWIDE AIRCRAFT SERVICES INC., d/b/a JET ICU, a Florida Corporation,

        Petitioner,

vs.

WORLDWIDE INSURANCE SERVICES, LLC, d/b/a GEOBLUE,

        Respondent.

Case No.: _____

## FINAL JUDGMENT

Pursuant to the verdict rendered in this action:

IT IS ADJUDGED that plaintiff, WORLDWIDE AIRCRAFT SERVICES INC., d/b/a JET ICU, at the address of 1511 N. Westshore Blvd., Ste 650, Tampa, FL 33607, recover from defendant, WORLDWIDE INSURANCE SERVICES, LLC, d/b/a GEOBLUE, the sum of $220,204.00 with costs in the sum of $_____, making a total of $_____, that shall bear interest at the rate of 9.09% a year, for which let execution issue.

ORDERED at Hillsborough County, Florida, on February ____, 2024.

_____
Judge

EXHIBIT C