UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WORLDWIDE AIRCRAFT SERVICES
INC., d/b/a JET ICU

    Petitioner,

v.                                                      Case No. 8:24-CV-840-TPB-CPT

WORLDWIDE INSURANCE SERVICES,
LLC, d/b/a GEOBLUE

    Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION TO CONFIRM ARBITRATION AWARD AND DENYING RESPONDENT'S MOTION TO VACATE ARBITRATION AWARD

This matter is before the Court on Petitioner Worldwide Aircraft Services, Inc.'s, d/b/a JET ICU "Petition to Confirm Arbitration Award" and Respondent Worldwide Insurance Services, LLC's, d/b/a GeoBlue "Motion to Vacate Arbitration Award." (Docs. 5; 8). Petitioner subsequently filed a response in opposition to Respondent's motion on June 10, 2024. (Doc. 11). After reviewing the petition, motion, response, court file, and record, the Court finds as follows:

**Background**

Petitioner Worldwide Aircraft Services, Inc. ("JET ICU") is an air ambulance provider that uses fixed-wing jet aircraft to transport critically ill and injured patients to medical facilities. Respondent Worldwide Insurance Services, LLC ("GeoBlue") is an independent licensee of the Blue Cross Blue Shield Association that offers travel health

insurance. On January 1, 2022, an individual with Blue Cross Blue Shield-affiliated insurance suffered a heart attack in the Dominican Republic and was transported by JET ICU to a medical facility in Tampa, Florida. Following the transport, JET ICU sought reimbursement from GeoBlue, which handles Blue Cross Blue Shield claims arising outside of the United States. However, GeoBlue failed to fully reimburse JET ICU.

After unsuccessfully navigating GeoBlue's internal appeals process, on July 31, 2023, JET ICU filed a request for independent dispute resolution ("IDR") pursuant to the No Surprises Act ("NSA"), 42 U.S.C. § 300gg, *et seq*. Thereafter, Arbitrator National Medical Reviews, Inc. heard and adjudicated the matter, issuing an arbitration award on November 20, 2023, in favor of JET ICU in the amount of $220,204.00. GeoBlue did not participate in the arbitration.

On February 8, 2024, JET ICU filed a petition to confirm the arbitration award (Doc. 5) in the Thirteenth Judicial Circuit Court of Florida. GeoBlue responded by filing its "Motion to Vacate Arbitration Award." (Doc. 1-2).[1] GeoBlue subsequently removed the case to this Court on April 4, 2024. In the pending motion to vacate the arbitration award, GeoBlue argues that JET ICU did not provide proper notice that it was initiating the IDR process. (Doc. 8). GeoBlue also maintains that the award should be vacated because it is not a health insurer subject to the NSA.

---

[1] The "Petition to Confirm Arbitration Award" filed in state court was also filed in this Court as part of JET ICU's "Lodging of Plaintiff's State Court Petition and Complaint After Removal." (Doc. 5). Similarly, GeoBlue filed its "Motion to Vacate Arbitration Award" in state court (Doc. 1-2) and later filed a virtually identical Motion in this Court (Doc. 8).

## **Legal Standard**

Judicial review of arbitration awards is extremely limited. *See AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 579 F.3d 1268, 1271 (11th Cir. 2009). "District courts hearing arbitration appeals will not re-examine the merits or factual determinations of the underlying arbitration award." *Great Am. Ins. Co. v. Moye*, 733 F. Supp. 2d 1298, 1301 (M.D. Fla. 2010).

Considering these principles, the NSA, at issue here, provides that an arbitration decision rendered by a "certified IDR entity . . . shall be binding upon the parties involved, in the absence of a fraudulent claim or evidence of misrepresentation of facts presented to the IDR entity involved regarding such claim; and . . . shall not be subject to judicial review, except in a case described in any of paragraphs (1) through (4) of section 10(a) of Title 9," which is part of the Federal Arbitration Act ("FAA"). 42 U.S.C. § 300gg-111(E)(i). Judicial review of an IDR award is therefore only available in limited circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced: or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(4).

Here, GeoBlue does not allege that JET ICU engaged in fraud or misrepresentation of facts during the arbitration. Therefore, "the burden is on the party requesting vacatur of the award to prove one of these four bases." *Riccard v.*

*Prudential Ins. Co.*, 307 F.3d 1277, 1289 (11th Cir. 2002).  If no ground for vacatur exists, the arbitration award must be confirmed.  9 U.S.C. § 9.

## Analysis

GeoBlue argues the award should be vacated under the NSA because the Arbitrator "exceeded its authority" by issuing the award.  *See* 42 U.S.C. § 300gg-111(E)(i); 9 U.S.C. §10(a)(3).  Specifically, GeoBlue contends that it is not subject to the NSA's IDR provisions because it is not a "Group Health Plan" or "Health Insurance Issuer" to whom the NSA applies.  *See* 42 U.S.C. §§ 300gg-91,111-12.  GeoBlue also argues that even if it were an "insurer" for purposes of the NSA, it was not provided proper notice of the arbitration by JET ICU.  The Court is unpersuaded by both arguments.

First, GeoBlue asserts that it is not subject to the NSA because it is merely a "transmitter of information" to the appropriate health care insurer and is thus akin to a "Third-Party Administrator without payment or decision making authority."  GeoBlue further claims that "it does not provide policies of insurance for any insured" and therefore cannot be a proper party to JET ICU's Petition.

GeoBlue, however, offers no evidence in support of any of these contentions.  To the contrary, the evidence before the Court indicates GeoBlue *is* an insurer.  For example, GeoBlue has identified itself as a "Group health plan" when initiating its own IDR claim against JET ICU.  (Doc. 12-1).  It also holds itself out to the general public as a travel health insurance provider through its website, which features the sub-heading "Travel Medical & International Health Insurance" on the home page.  *See* GeoBlue, https://www.geobluetravelinsurance.com (last visited Sept. 16, 2024).  Indeed, GeoBlue's

website encourages potential customers to "[d]iscover GeoBlue's full array of travel and international medical plans for global lifestyles and sophisticated travelers." *Id.*

Even more, JET ICU submitted evidence that GeoBlue issues claim numbers to providers, makes payments to providers through a GeoBlue account, coordinates an internal appeals process, and otherwise acts as the sole party to whom entities such as JET ICU can submit claims for air ambulance services. (Docs. 12; 12-2). GeoBlue offers nothing to the contrary except bare statements that it is effectively an administrative pass-through for information. GeoBlue offers no legal theory to support this proposition and otherwise fails to explain how it is neither a "Group Health Plan" nor "Heath Insurance Issuer" subject to the NSA and its attendant IDR provisions. *See* 42 U.S.C. § 300gg-91. Accordingly, considering the record before the Court, GeoBlue has failed to establish that it is not covered by the NSA.

Second, concerning notice, GeoBlue explains that it was not made aware of the arbitration because JET ICU "listed improper email addresses" when initiating the IDR process. The email addresses used by JET ICU during its IDR commencement were "customerservice@geo-blue.com" and "claims@bcbsglobalcore.com." From the outset, GeoBlue does not deny that the email addresses belong to it. To be sure, "customerservice@geo-blue.com" is readily accessed from the "Contact Us" page on GeoBlue's mobile website. *See Contact Us*, geobluetravelinsurance.com, https://geobluetravelinsurance.com/mobile/contact-us.cfm (last visited Sept. 16, 2024). GeoBlue only seeks to justify its non-response on the basis that the email addresses are "generic" and "not regularly monitored by the appropriate party."

However, the Court is unconvinced that an entity's failure to monitor the very email addresses it created, and offered to the public, for external communications can later shield it from an IDR notice. And in any event, GeoBlue fails to direct the Court to a correct email address to which the notice of arbitration reasonably should have been sent. The Court therefore rejects GeoBlue's argument that JET ICU violated Section 3.2 of the IDR guidance manual, which requires the initiating party to have "a good faith belief that the electronic method [of notice] is readily accessible by the other party . . . ." GeoBlue submits no evidence of bad faith on behalf of JET ICU, and it never explains how JET ICU would have known that GeoBlue did not monitor some of its "generic" email addresses that are presumably used to provide support for GeoBlue claims. Given that the burden rests on the party seeking vacatur of the award, *see Riccard*, 307 F.3d at 1289, and the absence of any contradictory evidence offered by GeoBlue, the Court has determined that the Arbitrator did not exceed its authority by issuing an award for JET ICU.

## Conclusion

The arguments raised here by GeoBlue are surprising. GeoBlue's website includes a sub-heading titled "Travel Medical & International Health Insurance" and the website encourages potential customers to "*[d]iscover GeoBlue's full array of travel and international medical plans for global lifestyles and sophisticated travelers.*" (emphasis added)[2] But in this litigation GeoBlue claims "it does not provide policies of insurance for any insured" and is merely a "transmitter of information" akin to a "Third-Party Administrator without payment or decision making authority."

---

[2] *See* GeoBlue, https://www.geobluetravelinsurance.com (last visited Sept. 16, 2024).

GeoBlue's mobile website includes a "Contact Us" page directing the public to use certain email addresses to contact them, but in this litigation GeoBlue claims that arbitration notices that were sent to those email addresses should not count because those email addresses are "generic" and "not regularly monitored by the appropriate party."

GeoBlue seems to have trouble coming to grips with the fact that the adverse arbitration decision in this case was, in essence, a self-inflicted wound. GeoBlue made a business decision to advertise itself broadly to the world as an insurance provider, instead of something more limited. GeoBlue also made a business decision to list various email addresses on its website for the public to use to contact it. JET ICU provided notice of the arbitration to those email addresses. But GeoBlue made a business decision to not fully monitor email sent to the very email addresses it provided for the public to use. The result of these business decisions, together with applicable law, and considerations of justice and fair play, is that GeoBlue must pay the arbitration award entered against it in the amount of $220,204.00.

Accordingly, it is **ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Respondent Worldwide Insurance Services, LLC's, d/b/a GeoBlue "Motion to Vacate Arbitration Award" (Doc. 8) is hereby **DENIED**.

(2) Petitioner Worldwide Aircraft Services, Inc.'s, d/b/a JET ICU "Petition to Confirm Arbitration Award" (Doc. 5) is hereby **GRANTED**.

(3) The arbitration award (Doc. 5, Ex. A) is **CONFIRMED**.[3]

(4) The Clerk is directed to enter judgment in favor of Worldwide Aircraft Services, Inc., d/b/a JET ICU in the amount of $220,204.00, and thereafter **CLOSE** this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of September, 2024

TOM BARBER
UNITED STATES DISTRICT JUDGE

---

[3] Some authority holds that federal courts lack the power to confirm arbitration awards under the NSA because the NSA incorporates only FAA provisions permitting vacatur of an award.  See *Guardian Flight LLC v. Health Care Serv. Corp.*, No. 3:23-CV-1861-B, 2024 WL 2786913 (N.D. Tex. May 30, 2024) ("The NSA does not contain any provisions expressly allowing Plaintiffs to file a lawsuit in federal court seeking to enforce an IDR award."); *see also Med-Trans Corp. v. Cap. Health Plan, Inc.*, 700 F. Supp. 3d 1076, 1083-84 (M.D. Fla. 2023) ("[T]he NSA does not invoke or discuss §§ 6, 9, 12, or any other sections of the FAA.").  However, GeoBlue did not raise this issue, and it instead assumed the FAA applied in full.  The Court therefore deems the argument waived and confirms the award.  See *GPS of New Jersey M.D., P.C. v. Horizon Blue Cross & Blue Shield*, No. CV226614KMJBC, 2023 WL 5815821, at *10 (D.N.J. Sept. 8, 2023) (confirming arbitration award issued pursuant to the NSA and denying motion to vacate).